**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**MARION J. HILLMAN,**

    **Plaintiff,**

v.                                                      **Case No. 3:05CV141/RV/EMT**

**LOCKHEED MARTIN CORPORATION,**

    **Defendant.**
_____/

**ORDER**

    Plaintiff, Marion J. Hillman, filed a one count complaint in the Circuit Court of Okaloosa County, Florida, against Defendant Lockheed Martin Corporation alleging that the Defendant had retaliated against Hillman because he had refused to participate in illegal activity, in violation of the Florida Whistle Blower Act [§ 448.102(3), Fla. Stat.]. The case was timely removed to this court. The Defendant has now filed a motion to dismiss, or, in the alternative, for a more definite statement. (Doc. 6)

**I.    DISCUSSION**

    A.    Motion to Dismiss Standard

    A motion to dismiss for failure to state a claim cannot be granted unless the complaint alleges no set of facts, which, if proved, would entitle the plaintiff to relief. See, e.g., Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994). On a motion to dismiss, the court must accept all of the alleged facts as true and find all inferences from those facts in the light most favorable to the plaintiff. See, e.g., Cruz v. Beto, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972); Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994).

Case No.: 3:05CV141/RV/EMT

B.  Retaliation

Section 448.102 of the Florida statutes prohibits an employer from taking any retaliatory action against an employee because he "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."  The Plaintiff's complaint alleges that he was retaliated against for refusing to submit falsified payroll records to the Defendant's program management office, and for objecting to the purchase of alcohol at a company event where there was a company policy against doing so.  Objecting to a company policy is not protected activity for purposes of the Florida Whistle Blower Statute.  Thus, the only alleged act that may state a claim is the refusal to submit false payroll records. It is not clear from the allegations of the complaint, however, why the payroll actions were illegal, rather than simply in violation of company policy.  Simply signing or agreeing to a false statement does fall within the ambit of "law, rule, or regulation," as used in Section 448.102.  See Forrester v. John H. Phipps, Inc., 643 So.2d 1109 (Fla. 1st DCA 1994). Section 448.102 was not intended to impose a "good cause" requirement on all adverse employment actions in the state of Florida.  As distasteful as the Defendant's actions may be, unless the objected-to conduct was actually in violation of a governmental law, rule, or regulation, there is no basis for a claim under Section 448.102.

II.  **CONCLUSION**

Therefore, the Defendant's motion to dismiss (Doc. 6) is GRANTED. The Plaintiff's complaint is DISMISSED, without prejudice.  The Plaintiff is granted leave to file an amended complaint within fourteen days, in lieu of which the dismissal shall be with prejudice.

DONE and ORDERED this 8th day of July, 2005.

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**