**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**MARION J. HILLMAN,**

        **Plaintiff,**

**v.**                                                   **Case No. 3:05CV141/RV/EMT**

**LOCKHEED MARTIN CORPORATION,**

        **Defendant.**
_____/

**ORDER**

Plaintiff, Marion J. Hillman, filed a one count complaint in the Circuit Court of Okaloosa County, Florida, against Defendant the Lockheed Martin Corporation ("Lockheed Martin"), alleging that the Defendant had retaliated against Hillman because she had refused to participate in illegal activity, in violation of the Florida Private Whistle Blower Act ["PWBA"] [Fla. Stat. § 448.102(3)]. The case was removed to this court on April 21, 2005. The Defendant soon filed a motion to dismiss (Doc. 6), which was granted by order of this court on July 8, 2005. (Doc. 10). The order allowed the Plaintiff fourteen days to file an amended complaint, after which the dismissal would be with prejudice. The Plaintiff filed an amended complaint (Doc. 14) on July 26, 2005. The Defendant has now filed a motion to dismiss the amended complaint. (Doc. 20).

**I. DISCUSSION**

    A. <u>Motion to Dismiss Standard</u>

A motion to dismiss for failure to state a claim cannot be granted unless the complaint alleges no set of facts, which, if proved, would entitle the plaintiff to relief. <u>See</u>, <u>e.g.</u>, <u>Blackston v. Alabama</u>, 30 F.3d 117, 120 (11th Cir. 1994). On a motion to dismiss, the court must accept all of the alleged facts as true and find all inferences from those facts in the light most favorable to the plaintiff. <u>See</u>, <u>e.g.</u>, <u>Cruz v. Beto</u>, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972); <u>Hunnings v. Texaco, Inc.</u>, 29 F.3d 1480, 1483 (11th Cir. 1994).

    B. <u>Timeliness</u>

As an initial matter, Defendant objects to Plaintiff's amended complaint as being untimely filed. The order dismissing Plaintiff's original complaint gave the Plaintiff fourteen days to file an amended complaint. That order was entered on July 8, 2005, and the Plaintiff's amended complaint was not received by the court until July 25, 2005, more than fourteen days later.[1] However, as the Plaintiff correctly points out, Rule 6(e) of the Federal Rules of Civil Procedure provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period." Here, the Defendant concedes that it was served by mail on July 22, 2005. The complaint is, therefore, timely.

    C. <u>Retaliation</u>

Florida's Private Whistle Blower Act, codified in Section 448.102 of the Florida statutes, provides that "[a]n employer may not take any retaliatory personnel action against an employee because the employee has… [o]bjected to, or refused to

---

[1] Time stamps on the amended complaint indicate that it was received by the clerk of the court at 10:50 A.M. on July 25, 2005, and officially filed at 3:29 P.M. on July 26, 2005.

Case No.: 3:05CV141/RV/EMT

participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." The Plaintiff's complaint alleges that she was retaliated against for refusing to submit falsified payroll records to the Defendant's program management office, and for objecting to the purchase of alcohol at a company event where there was a company policy against doing so.

For purposes of this motion, I accept the factual allegations as being within the scope of Sections 812.014[2] and 817.15[3] of the Florida Statutes. However, to state a claim under the Private Whistle Blower Act, a plaintiff must allege that it was the employer's illegal conduct that was objected to, rather than the illegal conduct of another employee. This case is factually similar to Sussan v. Nova Southeastern University, 723 So.2d 933 (Fla. 4th DCA 1999), which dealt with the PWBA. In Sussan, an employee at Nova Southeastern University was fired after informing his supervisors that other employees were stealing funds from the University. Id. The Court held that no action could be maintained under the Private Whistle Blower Act against the University, since by the plain terms of the Act only objections to illegal employer conduct were protected. Id., at 934 ("the plain and unambiguous terms of the Private Whistle Blower Act state that an employee has protection under the Act for objection to unlawful acts of his employer.") (emphasis in original).

In her memorandum opposing the Defendant's motion to dismiss, the Plaintiff attempts to distinguish this case from Sussan by arguing that Lockheed Martin is vicariously liable for the fraudulent submission of the payroll records. This argument has no application to the circumstances of this case. It is true that an employer may be liable for the wrongful actions of an employee if those actions are performed by the

---

[2] "A person commits theft if he or she knowingly obtains or uses or endeavors to obtain or use, the property of another with intent to, either temporarily or permanently: (a) deprive the other person of a right to the property or a benefit from the property [or] (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property...." Fla. Stat. § 812.014.

[3] "Any officer, agent, clerk or servant of a corporation who makes a false entry in the books thereof, with intent to defraud... shall be guilty of a felony of the third degree." Fla. Stat. § 817.15.

Case No.: 3:05CV141/RV/EMT

employee within the scope of employment.  <u>Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.</u>, 742 So.2d 381 (Fla. 4th DCA 1999) However, an employee only acts within the scope of employment if his act is of the kind he is employed to perform and is activated in part by a purpose to serve the employer.  <u>Kane Furniture v. Miranda</u>, 506 So.2d 1061 (Fla. 2nd DCA 1987). It is hard to see how the act of stealing from one's employer meets these requirements, since it appears that Lockheed Martin is the victim of the alleged thefts and not the perpetrator.

## II.    CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss (Doc. 20) is GRANTED.  The Plaintiff's amended complaint is DISMISSED, with prejudice.

DONE and ORDERED this 19th day of September, 2005.

/s/ *Roger Vinson*
**Roger Vinson**
**Senior U.S. District Judge**